IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| GARY E. SHEPHARD, JR. | ) ) ) ) | Civil Action No.:_____ |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) |  |
| JOHN O'QUINN and O'QUINN ENTERPRISES, INC. | ) ) ) |  |
| Defendants. | ) ) ) | (Jury Demand) |

## COMPLAINT

Comes the Plaintiff, GARY E. SHEPHARD, JR., and sues the Defendants, JOHN O'QUINN ("O'Quinn") and O'QUINN ENTERPRISES, INC.("OEI"), and would respectfully show this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. This action arises from Defendants' conduct towards Plaintiff in violation of the Employee Retirement Security Income Act of 1974, 29 U.S.C. § 1001 *et. seq.* (hereinafter, "ERISA").

### II. JURISDICTION

2. The matter in controversy involves questions of federal law, giving the Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331.

3. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123(a)(1)..

- 1 -

### III. PARTIES

4. Plaintiff is a citizen and resident of Knox County, State of Tennessee.

5. Upon information and belief, Defendant O'Quinn is a citizen and resident of Union County, State of Tennessee. He may be served with process at his place of business at 215 Johnson Road, Maynardville, Tennessee, 37807.

6. Defendant OEI is a Tennessee corporation with its principal place of business at 215 Johnson Road, Maynardville, Tennessee, 37807. Defendant may be served with process through its registered agent as identified by the Tennessee Secretary of State: Sherrie L. O'Quinn, 215 Johnson Road, Maynardville, Tennessee, 37807.

7. The Plaintiff reserves the right to amend this Complaint with leave of court to name and/or substitute as defendants any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

8. Defendant OEI was an "employer" within the meaning of U.S.C. § 1001 *et. seq.* during all times relevant to this complaint.

### IV. CAUSE OF ACTION

A. ERISA

9. Paragraphs 1 through 8 are hereby realleged and incorporated in full by reference as if fully set forth herein. Plaintiff sues under 29 U.S.C. §§ 1132(a)(1)(B); 1132(a)(2); and, 1132(a)(3).

10. Plaintiff was employed by Defendant OEI from November 20, 2002, until August 1, 2003. Plaintiff was employed in Project Logistics for Defendant OEI at the time of his separation from employment.

11. Plaintiff enjoyed certain benefits during his employment with Defendant OEI, including but not limited to, health and dental insurance benefits. Defendant OEI's health insurance provider was Blue Cross / Blue Shield. Plaintiff was required to pay a percentage of his insurance premiums, which were deducted from Plaintiff's paycheck, and the balance of the health and dental insurance premiums were to be paid by Defendant OEI as an employee benefit to the Plaintiff.

12. Such benefits were a part of an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1) (the "Plan").

13. Upon information and belief, the Defendant OEI was both the "administrator" and the "plan sponsor" of the Plan within the meaning of ERISA, 29 U.S.C. §§ 1002(16)(A) and 1002(16)(B), respectively.

14. Upon information and belief, the Defendant OEI was a "fiduciary" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

15. Upon information and belief, Defendant O'Quinn, as president of Defendant OEI, was a "fiduciary" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

16. Plaintiff was a "participant" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(7).

17. On or about August 1, 2003, Plaintiff was informed by Defendant O'Quinn that he was being temporarily laid-off from employment with Defendant OEI due to a reduction in force. Defendant O'Quinn informed Plaintiff that Defendant OEI would continue Plaintiff's health and dental insurance coverage through the month of August 2003.

18. Prior to Plaintiff's separation of employment from Defendant OEI, Plaintiff informed Defendant OEI that he was scheduled for knee surgery on or about August 4, 2003.

19. Plaintiff did undergo day knee surgery on or about August 4, 2003, at St. Mary's Hospital with the understanding that the procedure would be covered through his health insurance plan with Defendant OEI.

20. Plaintiff received his last paycheck from Defendant OEI on or about August 8, 2003, for the pay period ending on or about August 3, 2003, in the gross amount of Six Hundred Fifty-Three Dollars and Eighty-Five Cents ($653.85). From his gross wages, a deduction of Fifty-Nine Dollars and Eight-Three Cents ($59.83) had been withheld by Defendant OEI and designated as "Health" on Plaintiff's pay stub. Additionally, a deduction of Eight Dollars and Fifty Cents ($8.50) had been withheld by Defendant OEI and designated as "Dental" on Plaintiff's pay stub.

21. In the fall of 2003, Plaintiff received bills from St. Mary's Hospital and various medical professionals stating that Plaintiff owed approximately Twenty Thousand Dollars ($20,000.00) in unpaid medical expenses.

22. In approximately January of 2004, Plaintiff was informed by a representative of Blue Cross / Blue Shield that his health insurance coverage had lapsed prior to Plaintiff's knee surgery on or about August 4, 2003, and that his unpaid medical expenses would not be covered.

23. In approximately late January or early February of 2004, Plaintiff contacted Defendant O'Quinn to inform him of the information Plaintiff had received from Blue Cross/ Blue Shield and requested that Defendant OEI pay the unpaid medical costs. Defendant O'Quinn informed Plaintiff that he was aware of the problem with employee insurance coverage for Defendant OEI's employees and Defendant O'Quinn represented to the Plaintiff that he currently had an attorney working with Blue Cross / Blue Shield to resolve the matter.

24. To date, however, Defendant OEI has failed to pay the medical costs of the Plaintiff, and Plaintiff remains personally liable on unpaid medical costs totaling approximately Twenty Thousand Dollars ($20,000.00).

25. Defendant OEI and/or Defendant O'Quinn failed to apply amounts deducted from Plaintiff's paycheck toward the Plan insurance premiums, but represented to Plaintiff that such amounts were being properly deducted and applied. Defendants' actions constitute a breach of fiduciary duty under 29 U.S.C. § 1132(a)(2).

26. Defendant OEI and/or Defendant O'Quinn failed to pay Defendant OEI's contribution toward Plaintiff's health and dental insurance premiums under the Plan. Defendants' actions constitute a breach of fiduciary duty under 29 U.S.C. § 1132(a)(2).

27. Defendant OEI and/or Defendant O'Quinn's failure to properly pay such contributions denied Plaintiff benefits he was entitled to receive, and Defendants' actions constitute violations under ERISA, specifically 29 U.S.C. §§ 1132(a)(1)(B); 1132(a)(2); and, 1132(a)(3).

## V. DAMAGES

28. Paragraphs 1 through 27 are hereby realleged and incorporated in full by reference as if fully set forth herein.

29. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law by the Defendants as alleged herein, Plaintiff is entitled to recover the benefits due to him under the Plan in an amount according to proof, and any and all equitable relief to which this Honorable Court deems just and proper under ERISA, 29 U.S.C. § 1001 *et. seq.*

30. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g).

31. **PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

WHEREFORE, Plaintiff prays:

    A.    That Defendants be served with process requiring them to answer;

    B.    For judgment against Defendants, jointly and severally, for an amount to be submitted according to proof.

    C.    For interest, costs, and attorneys' fees, to the extent allowed by applicable law; and,

    D.    For such other and further relief which the Court deems just and proper.

Respectfully submitted this 5th day of February, 2005.

*/s/ Gary E. Shephard, Jr.*
GARY E. SHEPHARD, JR

**OF COUNSEL:**

*/s/ Link A. Gibbons*
Link A. Gibbons, BPR # 022799
Katherine A. Young, BPR # 17178
Dale J. Montpelier, BPR # 17125
Kevin B. Fox, BPR # 14851

MONTPELIER & YOUNG, P.A.
531 S. Gay Street, Sixth Floor
Knoxville, Tennessee 37902
(865) 673-0330

Attorneys for Plaintiff